UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CRIMINAL ACTION NO. 6:09-12-GFVT-1

UNITED STATES OF AMERICA,                                                         PLAINTIFF,

V.                              **MAGISTRATE JUDGE'S REPORT
                                    AND RECOMMENDATION**

GILBERT WAYNE HOWARD,                                                              DEFENDANT.

*** *** *** ***

This matter is before the undersigned on Defendant Gilbert Wayne Howard's *pro se* Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255. [Record No. 414]. Consistent with local practice, this matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, it is recommended that Howard's motion [Record No. 414] be denied.

I.  FACTUAL AND PROCEDURAL BACKGROUND

Howard was indicted for conspiracy to manufacture methamphetamine, conspiracy to possess with intent to distribute methamphetamine, possession of pseudoephedrine with intent to manufacture methamphetamine, possession of a firearm by a convicted felon, possession of a firearm while using a controlled substance, and use of property for the purpose of manufacturing and distributing methamphetamine, along with a forfeiture allegation. [Record No. 34]. A significant amount of the evidence the government had against Howard was obtained in several searches of Howard's home. Howard's attorney filed a motion to suppress, claiming that the searches were unreasonable in violation of Howard's Fourth Amendment rights. [Record No. 119]. The district judge denied Howard's motion to suppress. [Record No. 187].

The following factual and procedural summary is taken from the Sixth Circuit opinion rendered following Howard's direct appeal.

> In 2010, Howard pleaded guilty to conspiracy to manufacture five or more grams of methamphetamine and possession of a firearm by a felon. Howard manufactured methamphetamine from approximately January 2007 until February 2009 at his residence.
>
> The presentence report calculated Howard's base offense level as thirty-two. Howard's offense was enhanced for several reasons: (1) the offense involved the manufacture of methamphetamine and created a substantial risk of harm to juveniles who were present; (2) the offense involved the possession of firearms; and (3) Howard was an organizer or leader of the criminal conspiracy involving five or more participants or was otherwise extensive. After a three-level reduction for acceptance of responsibility, Howard's total offense level was forty-one, which combined with a criminal history category of III, resulted in a guidelines range of 360 to 480 months.
>
> The district court conducted a sentencing hearing on August 25, 2010. After granting the Government's motion for a downward departure, the district court sentenced Howard to 292 months of incarceration for the manufacture-of-methamphetamine conviction to be served concurrently with 120 months for the felon-in-possession conviction.

[Record No. 405, at 2-3]. In his plea agreement, Howard waived his right to appeal and collaterally attack his plea and conviction, preserving his rights of appeal with respect to his sentence. On direct appeal, Howard challenged the application of the sentencing guideline enhancements of the substantial risk of harm to minors and organizer or leader of a conspiracy involving five (5) or more participants. [Record No. 405]. The Sixth Circuit affirmed Howard's sentence, "confirm[ing] that the district court 'correctly calculate[ed] the applicable Guideline range.'" [Record No. 405, at 2 (second alteration in the original) (quoting Gall v. United States, 522 U.S. 38, 49 (2007))].

On November 2, 2012, Howard filed the instant action under 28 U.S.C. §2255, raising eleven (11) grounds for correction of his sentence, all alleging ineffective assistance of counsel.

2

Howard argues that he was denied his right to effective assistance of counsel on the following bases:

1) His attorney's failure to argue the amount of methamphetamine alleged in the presentence report was inaccurate;

2) His attorney's failure to argue effectively and present evidence to preclude the application of the substantial risk of harm to minors enhancement under the sentencing guidelines;

3) His attorney's failure to argue effectively and present evidence to preclude the application of the organizer or leader of a conspiracy involving five (5) or more participants enhancement under the sentencing guidelines;

4) His attorney's failure to argue effectively and present evidence to show that he did not possess the shotgun in connection with the offense and the application of the firearm enhancement under the sentencing guidelines;

5) His attorney's failure to argue Howard's double jeopardy right was violated as he had to defend himself against the same charges twice: once, as a result of the indictment, and second, at his sentencing;

6) His attorney's failure to argue Howard's right to trial by jury was violated by the sentencing judge's determination of the facts contained in the presentence report;

7) His attorney's failure to argue Howard's due process right was violated as the sentencing judge relied on unreliable evidence in determination of Howard's sentence;

8) His attorney's failure to argue Howard's right to be indicted by a grand jury was violated because he was sentence based on facts not alleged in the indictment;

9) His attorney's failure to argue Howard's right to trial by jury and due process were violated by the sentencing judge's determination of Howard's guilt as to the charges to which he did not plead guilty, including possession of "actual" or "Ice" meth;

10) His attorney's failure to inform Howard of the length of imprisonment he would face, and therefore his plea was not voluntary; and

11) His appellate attorney's failure to appeal the trial court's denial of his Motion to Suppress based his Fourth Amendment right against unreasonable search.

[Record Nos. 414; 414-1]. Howard argues that these errors resulted in prejudice to him, as he was sentenced to a longer term of imprisonment in violation of his constitutional rights. For the

3

reasons discussed below, the Court determines that Howard's right to effective assistance of counsel was not violated and that he is not entitled to be resentenced.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2255 to successfully challenge conviction, a movant must establish either an error of constitutional magnitude which had a substantial injurious influence on the proceedings or a mistake of fact or law that was so fundamental as to result "in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." Walton v. United States, 165 F.3d 486, 488 (6th Cir. 1999) (internal citations and quotation omitted).

In addressing ineffective assistance of counsel claims, the Supreme Court has elaborated on the standard of review under 28 U.S.C. § 2255. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper function of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). To meet this standard, the Court set forth a two part test that a defendant must satisfy by a preponderance of the evidence. First, defendants are required to show that their representation fell "below an objective standard of reasonableness." Id. at 687-88. This standard is very deferential, with a "strong presumption that counsel's conduct 'falls within a wide range of reasonable professional assistance.'" Cope v. United States, 272 Fed.Appx. 445, 448 (6th Cir. 2008) (quoting Mason v. Mitchell, 320 F.3d 604, 616-17 (6th Cir. 2003)). If a defendant is able to satisfy the first prong, the inadequacy of counsel's performance must be shown to have prejudiced the defendant. In order to demonstrate prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466

U.S. at 694. Additionally, "[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair." Walker v. Engle, 703 F.2d 959, 963 (6th Cir. 1983) (citations omitted). If the defendant can establish a reasonable probability that a different outcome would have resulted absent the cumulative effect of all of counsel's unprofessional errors, "the result of a particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." Strickland, 466 U.S. at 696; *see also* Walker, 703 F.2d at 963. Accordingly, if a defendant meets both prongs of the test, deficient representation and actual prejudice, the defendant's sentence must be vacated or set aside.

Additionally, a defendant may not use a § 2255 motion, absent highly exceptional circumstances, to relitigate an issue that was raised and considered on direct appeal. Wright v. United States, 182 F.3d 458, 467 (6th Cir. 1999); Jones v. United States, 178 F.3d 790, 796 (6th Cir. 1999). Circumstances that would warrant consideration of an issue previously litigated include newly discovered evidence that was not available at the time of direct appeal or an intervening change in the law. Wright, 182 F.3d at 467; Jones, 178 F.3d at 796. Further, a defendant "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." Lossia v. United States, No. 04-80422, 2010 U.S. Dist. LEXIS 107206, at *11-12 (E.D. Mich. July 1, 2010) (citing Clemons v. United States, No. 3:01-cv-496, 2005 U.S. Dist. LEXIS 42452, at *2 (E.D. Tenn. 2005)); *see also, e.g.,* DuPont v. United States, 76 F.3d 108, 110 (6th Cir. 1996). Ineffective assistance of counsel claims based on issues previously decided on direct appeal are only properly addressed if the analysis on the ineffectiveness of counsel claim is analytically distinct from that of the underlying issue previously decided on direct appeal. Hestle v. United States, 426 Fed. App'x

5

366, 367 (6th Cir. 2011) (distinguishing Clemons because it involved a sufficiency of evidence claim and holding that the petitioner's failure to persuade the court of his Batson claim on direct appeal did not foreclose a motion to vacate for ineffective assistance in a § 2255 motion because a finding of ineffective assistance could be consistent with the appellate court's holding on direct appeal.)

### III. ANALYSIS

*1. Application of the substantial risk of harm to minors and organizer or leader enhancements*

Howard argues that his counsel was ineffective by not sufficiently contesting application of the enhancements under the sentencing guidelines for of the substantial risk of harm to minors and organizer or leader of a conspiracy involving five (5) or more participants. [Record Nos. 414, at 5; 414-1]. The United States asserts that Howard's claims are precluded by the Sixth Circuit's determination of them on direct appeal. [Record No. 416, at 7-8].

The Sixth Circuit determined that the district court had properly applied the sentencing guidelines with respect to the enhancements for substantial risk of harm to minors and organizer or leader of a conspiracy. [Record No. 405]. These claims in Howard's motion are an attempt to relitigate these claims under the pretext of ineffective assistance of counsel, without alleging highly exceptional circumstances meriting reconsideration. Further, in order to decide the merits of Howard's ineffective assistance of counsel claims, the Court would have to apply the same analysis and effectively reconsider the Sixth Circuit's holding in order to determine whether Howard has displayed prejudice under Strickland. Therefore, the Court finds that Howard cannot use this avenue to relitigate his claims relating to the application of the substantial risk of harm to minors and organizer or leader of a conspiracy enhancements under the guise of ineffective assistance of counsel, and his claims are precluded.

*2. Enhancement for possession of a firearm in relation to the shotgun*

Howard argues that his counsel was ineffective for not effectually arguing that Howard was not in possession of the shotgun as alleged in his presentence report. [Record Nos. 414, at 5; 414-1]. As a result, according to Howard, his sentence was inappropriately enhanced under the sentencing guidelines. [Record Nos. 414, at 5; 414-1]. The United States counters that Howard's counsel was not deficient as counsel extensively argued at the sentencing hearing against the enhancement based on the shotgun. [Record No. 416, at 8].

Howard does not argue that he did not possess a firearm in connection with the offense. [*See* Record Nos. 414, at 5; 414-1]. In fact, Howard pled guilty to possession of a firearm by a convicted felon for possession of a pistol along with the conspiracy charge. The sentencing guidelines provide for a two (2) level enhancement for possession of a dangerous weapon in connection with an offense. United States Sentencing Guidelines § 2D1.1(b)(1) (Nov. 1, 2009 version). The guidelines provide for one (1) and only one (1) enhancement of two (2) levels whether a single deadly weapon is possessed or several deadly weapons are possessed. Id. Therefore, Howard would have been subject to the enhancement even if his counsel was able to persuade the court to find that Howard did not possess the shotgun. Therefore, Howard cannot demonstrate prejudice resulted from any insufficiency of his attorney's objections to the presentence report with respect to the firearm enhancement.

*3. Amount of controlled substances attributed to Howard in sentencing*

Howard's next claim of ineffective assistance of counsel is the failure of counsel to challenge the amount of methamphetamine alleged in the presentence report. [Record Nos. 414, at 5; 414-1]. The United States counters that it was at Howard's direction that his counsel withdrew his objection to the amount of methamphetamine attributed to Howard in the

7

presence report and therefore, Howard cannot "object that his attorney listened to his instructions." [Record No. 416, at 4-5]. Howard counters that he withdrew the objection under threat from his attorney that if he challenged the amount, he could face a larger quantity. [Record No. 418, at 3-4].

While Howard argues that he was threatened with the possibility of facing a sentence for a higher amount than what was in the presentence report, it is clear that it was his choice to withdraw his objection to the presentence report. [Record No. 288, at 65.10-11]. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant." Strickland v. Washington, 466 U.S. 668, 691 (1984). Accordingly, Howard cannot challenge his attorney's performance when counsel's actions were based on Howard's wishes. Further, while Howard asserts that it was the threat of facing a higher amount that caused him to withdraw the objection, informing Howard of the potential consequences of his actions does not constitute intimidation or coercion by his attorney. If Howard pursued the objection, the government could put forward evidence that the amount was more than was contained in the presentence report. This potential cost led to Howard's decision, but did not cause Howard's decision to be involuntary. Moreover, if counsel had not told Howard this possibility, Howard's decision to continue in the objection would not have been fully informed. Therefore, his counsel was not deficient for withdrawing the objection to the amount of methamphetamine in the presentence report.

*4. Judge's reliance on unreliable evidence at sentencing*

Howard asserts that his counsel was ineffective for failing to argue and present evidence that the information on which the presentence report was based was unreliable. [Record No. 414-1, at 14-16]. Based on the judge's reliance on the untrustworthy evidence, Howard additionally argues that his appellate counsel was ineffective for failing to bring a due process claim on direct appeal. [Record No. 414-1, at 15-16]. Howard disputes the use of the Sudafed report to establish the amount of drugs attributable to him in the presentence report. [Record No. 414-1, at 14-16].

This claim is effectively a re-characterization of his previous argument regarding the quantity of drugs attributed to him in the presentence report and the withdrawal of his objection to the same. Again, Howard told his attorney to withdraw the objection and he cannot establish an argument of ineffective assistance of counsel grounded on his own actions. [Record No. 288, at 65.10-11]. Further, based on his choice to withdraw the objection, his appellate counsel was not ineffective for choosing not to claim a due process violation. Additionally, based on the quantities contained in his co-conspirators' plea agreements, the United States could have established the amount in the presentence report notwithstanding the Sudafed report. [*See* Record No. 372 (co-conspirator attributed with 100 grams of methamphetamine during the course of his conspiracy with Howard); *see also* Record Nos. 391; 371; 359; 337; 298; 296]. Therefore, Howard cannot show he was prejudiced by the judge's reliance on the presentence report.

*5. Judge's determination of factual disputes relating to Howard's sentence, determination of Howard's guilt at sentencing, and reliance on facts not alleged in the indictment*

Howard argues that his counsel was ineffective for failing to argue that his constitutional rights were violated by the sentencing judge deciding the factual disputes related to his sentence at his sentencing hearing. [Record No. 414-1, at 7-8]. He argues that the Constitution empowers

9

a jury alone to decide facts that result in punishment. [Record No. 414-1, at 7-8]. Similarly, Howard asserts that his counsel was ineffective for failing to challenge the sentencing judge's determination of his guilt in relation to the factual disputes over the presentence report. [Record No. 414-1, at 7-8]. Specifically, Howard asserts that he pled guilty only to conspiracy to manufacture methamphetamine and the sentencing court improperly attributed with "'actual' meth or 'Ice' meth." [Record Nos. 414, at 5; 414-1, at 3-4]. Howard further alleges that his counsel was ineffective for failing to challenge his sentence on the grounds that his sentence was impacted by facts not alleged in the indictment. [Record No. 414-1, at 6-7, 17].

Under the FEDERAL RULES CRIMINAL OF PROCEDURE, a judge is required to decide all factual disputes related to a presentence report. FED. R. CRIM. PRO. 32(a)(1)(C); 3 CHARLES ALAN WRIGHT & SARAH N. WELLING, FEDERAL PRACTICE AND PROCEDURE § 531 (2011); *see also* United States v. Simmons, 587 F.3d 348 (6th Cir. 2009). In United States v. Booker, the Supreme Court recognized judges' discretion in determining facts relevant to sentencing without implicating the Sixth Amendment right to jury, as long as the penalty was not above the statutory maximum. 543 U.S. 220, 233 (2005); *see also* Apprendi v. New Jersey, 530 U.S. 446, 490 (2000) (holding that "[o]ther than the fact of a prior convictions, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury"). As long as a sentence is within the statutory limits for the crime of conviction, the Supreme Court has acknowledged,

> [w]e have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range. *See* Apprendi, 530 U.S. at 481; Williams v. New York, 337 U.S. 241 (1949). . . . For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.

Booker, 543 U.S. at 233. Further, the Supreme Court has determined that the right to indictment by grand jury was not implicated if facts outside of the indictment were considered, as long as the sentence imposed did not exceed the statutory maximum for the crime of conviction. Harris v. United States, 536 U.S. 545, 560 (2002); *see also* United States v. Alleyne, 457 Fed. Appx. 348, 350 (4th Cir. 2011).[1] Therefore, a judge at sentencing has the power to determine what conduct is relevant to sentencing, even if the defendant was not indicted or convicted based on such conduct.

Howard's sentence did not exceed the prescribed maximum for conspiracy to distribute methamphetamine. *See* 21 U.S.C. § 841(b)(1)(B) (prescribing a term of imprisonment for conspiracy to distribute five (5) grams or more of methamphetamine of not less than five (5) years and not more than forty (40) years). Accordingly, it was within the district judge's constitutional authority to decide the factual disputes at Howard's sentencing, and consider facts not alleged in the indictment or included in Howard's guilty plea, including possession of "actual" or "Ice" meth. Therefore, it was not ineffective assistance of counsel to refrain from objecting or appealing his sentence on these grounds.

    6. *Violation of Double Jeopardy*

Howard next argues that his Double Jeopardy right was violated by the judge's determination of his guilt on matters at sentencing, and his attorney was ineffective for failing to argue as such. [Record No. 414-1, at 6]. Inherently, the judge's ability to determine facts and

---

[1] Howard bases the indictment claim on the Supreme Court's grant of certiorari in Alleyne v. United States, 133 S.Ct. 420 (2012). However, the Fourth Circuit's holding regarding sentencing based on facts outside of those alleged in the indictment was given only two (2) short paragraphs at the end of the opinion, with the majority of the court's analysis focusing on two (2) unrelated issues. Alleyne, 457 Fed. Appx. 348. The Court will not contradict established precedent when there is no indication that the Supreme Court granted certiorari to question the rule espoused in Harris, and it is far more likely that the Supreme Court will review one (1) of the other two (2) issues presented.

factors relevant to sentencing negates Howard's argument. However, in Booker, the Supreme Court explained that,

> [i]n Witte v. United States, 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995), we held that the Double Jeopardy Clause did not bar a prosecution for conduct that had provided the basis for an enhancement of the defendant's sentence in a prior case. "*We concluded that "consideration of information about the defendant's character and conduct at sentencing does not result in 'punishment' for any offense other than the one of which the defendant was convicted." Rather, the defendant is 'punished only for the fact that the present offense was carried out in a manner that warrants increased punishment . . . .'* " United States v. Watts, 519 U.S. 148, 155, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997) *(per curiam)* (quoting Witte, 515 U.S., at 401, 403, 115 S.Ct. 2199; emphasis deleted). In Watts, relying on Witte, we held that the Double Jeopardy Clause permitted a court to consider acquitted conduct in sentencing a defendant under the Guidelines. In neither Witte nor Watts was there any contention that the sentencing enhancement had exceeded the sentence authorized by the jury verdict in violation of the Sixth Amendment.

Booker, 543 U.S. at 240 (emphasis added). Watts, Witte, and Booker explicitly clarify that a court can determine facts of which a defendant was not convicted if relevant to sentencing, even if the conduct results in a higher sentence. The sentence imposed is considered only punishment for the offense of conviction and any other conduct considered is merely a factor in determining the appropriate sentence for the offense of conviction. Therefore, the judge's determination of facts and consideration of conduct to which Howard did not plead guilty was not a violation of the double jeopardy clause and his counsel was not ineffective for failing to raise such an argument.

### 7. *Potential length of sentence*

Howard's next ground is that his counsel was ineffective for failing to inform him that he could potentially be sentenced to a length of imprisonment comparable to the sentence imposed and implied that he would receive a similar sentence to his co-conspirators, and his plea was therefore not voluntary. [Record No. 414-1, at 12-13]. Howard has waived his right to appeal or

collaterally attack his plea or conviction. [*See, e.g.*, Record No. 394, 32.21-35.24]. However, if Howard's plea was not voluntary, then his waiver was not voluntary, the Court must consider whether Howard presents sufficient evidence to call into question the validity of his plea.

While Howard's plea agreement was similar to his co-conspirators, the similarity of the agreements did not merit the conclusion that he would receive a similar sentence. Howard's counsel may have believed that the sentences would be comparable and told Howard as such, but Howard's reliance on counsel's statement of opinion did not render Howard's plea involuntary. At his rearraignment, the court informed Howard of the penalties he faced, including the maximums, and stressed that the length of sentence the court would impose was unknown at that point. [Record No. 394, at 21.22-33.9, 23.10-13, 26.22-27.19, 30.4-32.16]. During the colloquy, Howard stated that he understood that if his sentence was more severe than he expected, he could not withdraw his plea. [Record No. 394, at 32.8-16]. It is clear that while Howard may have hoped or expected a sentence similar to his co-conspirators, he was aware that his sentence could be more severe. The fact that his sentence turned out to be more severe than he expected, therefore, did not render his plea involuntary. Accordingly, Howard is precluded from bringing this claim, as he has waived his right to collaterally attack his plea and conviction.

    *8. Fourth Amendment violation*

Howard argues that his appellate counsel was ineffective for failing to appeal the trial court's determination that his Fourth Amendment rights were not violated in the searches of his home. [Record Nos. 414, at 6-7; 414-1, at 9-12]. He asserts that, as a result of his statements that he would not waive his right to appeal the denial of his motion to suppress, Howard's trial counsel told him that the plea agreement which he entered preserved his right to appeal. [Record No. 414-1, at 11-12]. The United States argues that Howard waived his right to appeal and

collaterally attack his plea and conviction, and has accordingly waived his right to bring a claim based on the failure to suppress the searches. [Record No. 416, at 5-7].

A defendant may waive any personal constitutional right in a plea agreement, including the right to collaterally attack his plea, conviction, and sentence, as long as the waiver was knowing and voluntary. United States v. Caledron, 388 F.3d 197, 199 (6th Cir. 2004); United States v. Fleming, 239 F.3d 761, 762-764 (6th Cir. 2001). At Howard's rearraignment, the court explained in detail the waiver paragraph contained in the plea agreement and found Howard knowingly and voluntarily agreed to the waiver and understood its consequences. [Record No. 394, 32.21-35.24]. Further, Howard represented to the court that his attorney had explained the waiver provision to him and did not express that he believed he was preserving his right to appeal the suppression ruling. [Record No. 394, at 33.12-21; *see also, e.g.*, Record No. 394, at 23.2-9, 35.4-17]. Howard does not present sufficient evidence to call into question the validity of his waiver. Therefore, Howard's ineffective assistance of claim regarding the violation of his Fourth Amendment right has been waived and he is precluded from bringing this claim.

## IV. CONCLUSION

Having considered the matter fully and for the reasons stated above,

IT IS RECOMMENDED that Defendant Gilbert Wayne Howard's Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255 [Record No. 414] be DENIED.

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Report and Recommendation.  Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Ann, 728 F.2d 813, 815 (6th Cir. 1984).  General objections or objections that require a judge's interpretation are

insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller V. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed February 20, 2013.

