UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 09-12-GFVT |
| Plaintiff/Respondent, | ) | |
| | ) | |
| V. | ) | **ORDER** |
| | ) | |
| GILBERT WAYNE HOWARD, | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |

*** *** *** ***

This matter is before the Court upon Defendant Gilbert Wayne Howard's *pro se* Motion to Vacate and Motions to Amend Motion to Vacate. [R. 414, 422, and 425.] Consistent with local practice, the Court referred this matter to Magistrate Judge Edward B. Atkins for initial screening and preparation of a Report and Recommendation ("R & R"). Judge Atkins filed his R & R on February 20, 2013, wherein he concluded that Howard was not entitled to the relief requested. [R. 419.] For the reasons stated below, the Court now ADOPTS the Magistrate's recommended disposition.

**I**

**A**

Pursuant to FRCP 72(b)(2), a petitioner has fourteen days from the date of service to register his objections to the Magistrate's R&R or else waive his right to appeal. In order to receive a *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v.*

*Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. 1997) (unpublished opinion)).  A general objection that does not identify specific issues from the magistrate's report is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy.  *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509. (6th Cir. 1991).

## B

Although Howard's response to the R & R resurrects numerous claims raised in his previous motions, none of these arguments qualifies as a specific objection to the Magistrate's report.  Apart from styling his motion as a "Response to the Magistrate's Report," Howard makes no reference to the R & R.  An objection pursuant to Rule 72(b)(2) is not an opportunity to resuscitate and amplify general arguments raised in the petitioner's previous filings.  Instead, "the overall policy of the objection requirement…is to conserve judicial resources and focus the district court's attention for review on specific areas of disagreement between the parties." *Vaughn v. Lawrenceburg Power Sys.*, 269 F.3d 703, 714-15 (6th Cir. 2001); *see also Noto v. Comm'r of Soc. Sec.*, WL 630785, at *2 (E.D. Mich. Feb. 12, 2015), *aff'd sub nom. Noto v. Comm'r of Soc. Sec.* (6th Cir. Nov. 16, 2015) (noting petitioner's objections failed to identify "specific infirmities in the Magistrate Judge's analysis" and declining "Plaintiff's invitation to retrace each and every step of the Magistrate Judge's reasoning.").

When no objections are made to specific findings in the Magistrate's report, this Court is not required to scrutinize those "factual or legal conclusions, under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Thus, because Howard fails to identify

any specific objection to the Magistrate's recommendations, this Court is not required to reconsider the Magistrate's analysis. Nevertheless, the Court has carefully examined the record and the relevant case law, and it agrees with the Magistrate's recommended disposition.

## II

In addition to submitting the aforementioned response, Howard also filed two motions to amend his original § 2255 petition. [R. 422, 425.] Both of these motions, however, were filed approximately one year after the Magistrate issued his R & R. This Circuit has consistently held that, "absent compelling reasons," parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000); *see also United States v. Clark*, 2011 WL 3739034, at *3-4 (E.D. Ky. Aug. 23, 2011) (noting that petitioner did not file motion to amend "until *after* an adverse recommendation from the magistrate judge" and finding "no reason… to allow [petitioner] to circumvent [the *Murr* rule] by simply framing her new arguments as an 'amendment.'"); *Clark v. United States*, 764 F.3d 653, 656-57 (6th Cir. 2014) (observing that petitioner filed motion to amend after R & R and noting "a post-conviction petitioner generally may not raise new claims or arguments in response to a magistrate judge's recommendation.").

Here, the court finds no compelling reason to permit Howard to raise additional arguments one year after the Magistrate issued his report. His first Motion to Amend simply introduces a series of claims, some old and some new, in support of the same arguments raised in his original petition. [*See* R. 422.] The second Motion to Vacate maintains that "the acceptance of his guilty plea by a United States Magistrate Judge exceeded the jurisdiction established for magistrate judges under Fed. R. Crim. P. 59," and cites a Seventh Circuit case to support this

3

contention. [R. 425.] The Seventh Circuit is not binding on this Court, and neither the Sixth Circuit nor the Supreme Court has yet reached a similar conclusion regarding the jurisdiction of magistrate judges. In the absence of any controlling precedent relating to this issue, the Court finds no compelling reason to permit Howard to submit his untimely claim.

The Court also notes that Howard filed both Motions to Amend more than one year after his original petition. Amendments to habeas petitions must be filed within one year of the original motion to vacate, unless the amendment "relates back" to the first petition. *See Mayle v. Felix*, 545 U.S. 644 (2005). In habeas cases, a proposed amendment "does not relate back where it asserts a new ground for relief supported by facts that differ from those in the original petition." *Pinchon v. Myers*, 615 F.3d 631, 642 (6th Cir. 2010). Although Howard's first Motion to Amend arguably arises from the same nucleus of operative facts contained in the first petition, his second motion—regarding the disputed scope of the Magistrate's jurisdiction to accept guilty pleas—plainly provides a new and unrelated ground for relief. In fact, this motion expressly states that it seeks to introduce "an additional ground for relief." [R. 425 at 1.] Thus, Howard's second Motion to Amend is time-barred according to both of the foregoing lines of precedent.

Accordingly, and being otherwise sufficiently advised, the Court hereby **ORDERS** as follows:

1. The Magistrate's Recommended Disposition **[R. 419]** as to Gilbert Wayne Howard is **ADOPTED** as and for the Opinion of the Court;

2. Perkins's Motion to Vacate and Motions to Amend Motion to Vacate. **[R. 414, 422, and 425]** are **DISMISSED WITH PREUDICE;**

3.	**JUDGMENT** in favor of the Respondent will be entered contemporaneously herewith and Criminal No. 6:09-12-GFVT-EBA will be **STRICKEN** from the Court's active docket.

This 30th day of November, 2015.



Gregory F. Van Tatenhove
United States District Judge